IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARBARA MRZLAK BRUNDO, Ed.D, | ) ) ) | 8:08CV477 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| REV. STEPHEN STILLMUNKS, et al., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss (filing no. 12) and Motion for Rule 11 Sanctions (filing no. 14). Plaintiff filed her Complaint in this matter on October 23, 2008. (Filing No. 1.) Less than six months before filing this Complaint, Plaintiff filed a similar action against related Defendants. (Case No. 8:08CV209, Filing No. 1.) Noting "Plaintiff's long and abusive litigation history against these, or similar, Defendants," Judge Laurie Smith Camp dismissed Case No. 8:08CV209 on March 19, 2009 with prejudice and awarded Rule 11 sanctions to Defendants. (Case No. 8:08CV209, Filing Nos. 32 and 33.) The court has carefully reviewed the record in Case No. 8:08CV209 and in this case. Plaintiff's conduct in both matters is nearly identical and, for the same reasons set forth in Case No. 8:08CV209, Plaintiff's claims are dismissed.[1]

In addition, Plaintiff will be sanctioned for her conduct of once again attempting to bring Title VII, NFEPA, and ADEA[2] claims against individual

---

[1] To be clear, the court adopts and incorporates Filing No. 32 in Case No. 8:08CV209 as part of this Memorandum and Order.

[2] The court liberally construes Plaintiff's claims to allege violations of these statutes, although the allegations are difficult to decipher.

Defendants. Plaintiff has been warned on no fewer than 16 separate occasions that suits under Title VII, NFEPA, ADEA, and other state and federal statutes cannot be brought against individuals. (Case No. 8:04CV209, Filing No. 45 at CM/ECF pp. 4-5; Case No. 8:08CV209, Filing No. 32.) Plaintiff was sanctioned for this conduct in 2004 and earlier this year. Plaintiff has not submitted, nor has the court found, any cases indicating that the law has changed since the entry of the September 14, 2004 Memorandum and Order. Thus, the court finds that this matter is "being presented for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b).

As set forth in Rule 11, before a party may request sanctions, it must first notify the offending party of the specific conduct alleged to violate Rule 11, and permit the offending party to withdraw or correct the challenged conduct. Fed. R. Civ. P. 11(c)(1-2). If the offending party does not withdraw or correct its conduct within 21 days, the court may impose appropriate sanctions which "suffice[] to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(3). Defendants complied with Rule 11 by sending a letter to Plaintiff on January 30, 2009. (Filing No. 16-2, Attach. 1, at CM/ECF pp. 4, 14.) In that letter, Defendants reminded Plaintiff of the court's September 14, 2004 Memorandum and Order which sanctioned Plaintiff for the exact conduct in which she engaged here. Defendants requested that Plaintiff amend her Complaint and dismiss all individual Defendants but Plaintiff refused to do so. Plaintiff's actions are frivolous and harassing, and lack a legal basis. Sanctions are therefore appropriate.

In her recent Memorandum and Order, in an effort to sanction Plaintiff sufficiently to actually deter Plaintiff "from continuing to abuse this court's processes," Judge Smith Camp awarded monetary sanctions and dismissed Plaintiff's claims with prejudice. (Case No. 8:08CV209, Filing No. 32.) For the same reasons, Plaintiff is sanctioned in the amount of $2,931.50, the amount of reasonable attorney fees requested by Defendants. This amount represents the cost to Defendants to

review Plaintiff's pleading, prepare the January 30, 2009 letter to Plaintiff, and draft the Motion to Dismiss and Motion for Rule 11 Sanctions. (Filing No. 16-2, Attach. 1, at CM/ECF p. 4.) As an additional sanction, the court will dismiss not only the improper claims against the individuals, but will dismiss this entire case with prejudice.

In short, Plaintiff has abused this court, and these Defendants, long enough. To prevent further abuse, Plaintiff will no longer be permitted to file a complaint in this court without first seeking leave to do so, as set forth below. If Plaintiff proposes to file a complaint which lacks a legal basis or otherwise violates Rule 11, the court will direct the Clerk of the court to return the proposed complaint to Plaintiff without filing it.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motion for Rule 11 Sanctions (filing no. 14) is granted. Plaintiff is sanctioned, and Defendants are awarded, attorney fees in the amount of $2,931.50.

2.      Plaintiff's claims against all Defendants, and this matter, are dismissed with prejudice.

3.      All other pending motions are denied. Regarding Plaintiff's Motion to Return Original Documents (filing no. 27), Plaintiff did not follow NECivR 5.1(f)(2) and all original documents have been destroyed in accordance with that rule.

4.      A separate judgment will be entered in accordance with this Memorandum and Order.

5. Any future case proposed to be filed in this court by Plaintiff shall be referred to the Chief Judge, or his designee, for review before filing, and the Clerk of the court is directed not to file any such case until this review has been completed.

June 30, 2009.                      BY THE COURT:

                                           *s/Richard G. Kopf*
                                           United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.